**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEITARO KANAMARU, | No. 09-72944 |
| Petitioner, | Agency No. A088-894-406 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Seitaro Kanamaru, native and citizen of Japan, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo constitutional claims and questions of law. *Khan v. Holder*, 584 F. 3d 773, 776 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the IJ's finding that any harm Kanamaru alleged did not occur on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Kanamaru's asylum and withholding of removal claim fails. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

The record also supports the agency's denial of Kanamaru's CAT claim, because he failed to show a likelihood of torture at the instigation of, or with the acquiescence of the Japanese government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Kanamaru's various due process claims. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim). We also reject his constitutional challenges.

**PETITION FOR REVIEW DENIED.**